UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

**FILED**

JUL 1 4 2011

**U.S. CLERK'S OFFICE
EVANSVILLE, INDIANA**

| | | |
|---|---|---|
| NANCY LICH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) CAUSE NO. | |
| | ) | |
| BUTLER UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | **1 : 11 -cv- 9 4 0 INS -DML** |
| | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1.     Plaintiff, Nancy Lich ("Lich"), by counsel, brings this action against Defendant, Butler University ("Defendant") alleging violations of the Family and Medical Leave Act of 1993 (hereinafter "FMLA"), as amended, 29 U.S.C. §2601 et seq., the Americans with Disabilities Act of 1990 (hereinafter "ADA"), as amended, 42 U.S.C. § 12101 et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et. seq. and Indiana common law.

### II. PARTIES

2.     Lich is a resident of the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3.     Defendant maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4.     Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, 28 U.S.C. §1367, 29 U.S.C. §2617(a)(2), 42 U.S.C. § 12117 and 42 U.S.C. §2000e-5(f)(3).

5.     Lich's state law claims arise from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

6.     Defendant is an "employer" as that term is defined by 29 U.S.C. §2611(4), 42 U.S.C. § 12111(5)(A) and 42 U.S.C. §2000e(b).

7.     Lich, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

8.     At all times relevant to this action, Lich was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and 42 U.S.C. §2000e(f).

9.     Lich is a qualified individual with a disability as that term is defined by the 42 U.S.C. § 12102(2)(C), *as amended.*

10.     Lich satisfied her obligation to exhaust her administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charge No. 470-2011-00544 against Defendant alleging discrimination based on sex and disability. Lich received her Notice of Suit Rights and timely files this action.

11.     All events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana, thus venue is proper in this Court.

## IV. Factual Allegations

12.     Lich was hired by Defendant on or about January 20, 2009 in the Building Services Department. Lich was initially assigned to work Sets & Events.

13.     The Building Services Department was reluctant to hire Lich because she is female. Specifically, Dick Hamm, Director of Building Services, told other supervisors that Sets & Events was not a job for a woman and that he opposed hiring Lich. Roell informed Lich that Roell and another woman supervisor eventually talked Hamm into hiring Lich.

14.     Nevertheless, at all relevant times, Lich met or exceeded Defendant's legitimate performance expectations.

15.     In or about June 2009, Lich sprained her shoulder performing housekeeping duties with Defendant. Lich was directed by Defendant to seek treatment with Summit Occupational Center, where the physician diagnosed Lich's sprain and put her off work for five days.

16.     When Lich returned to work, Hamm repeatedly questioned the legitimacy of Lich's injury and threatened to terminate her employment. Mr. Hamm's bullying behavior brought Lich to tears. Lich reported Hamm's conduct to Lisa Walton in Human Resources.

17.     When she was released to return to work, her physician placed lifting and motion restrictions on Lich's right arm.

18.     In direct contravention of her physician's restrictions, Defendant assigned Lich to perform housekeeping duties that required lifting and repetitive

motion. For example, Hamm instructed Downs to assign Lich to a Three-Story Apartment Building that did not have a working elevator, thereby necessitating Lich repeatedly carry her vacuum and cleaning supplies up flights of stairs. As a result, Lich re-injured her shoulder on or about September 26, 2009.

19.     After her second injury, Lich was assigned to solitary housekeeping duties in a building that required no more than two hours of work each day. Due to her light workload, Lich repeatedly asked to work with Sets & Events where she had originally worked despite Defendant's concerns regarding hiring a woman for the position. Lich's requests, however, were repeatedly denied.

20.     According to Tim Downs, Lich's supervisor, Lich was required to remain in the building because she was too depressed to be seen by her co-workers and the public.

21.     In February 2010, Defendant brought an existing male employee assigned to Housekeeping to work in Sets & Events on a permanent basis. When Lich inquired why a new employee was needed when she was available and willing to work in Sets & Events, Downs told her that the new employee could do all of the "manly" things Lich could not perform.

22.     As a result of the isolation and bullying at work, Lich suffered from increased nervousness and anxiety, which led her deeper into depression.

23.     Beginning on or about February 14, 2010, Lich suffered from a kidney stone attack. Lich requested and was approved for a thirty (30) day FMLA-qualifying leave related to this serious health condition.

-4-

24. While on leave, Lich became increasingly depressed. As a result, she was treated by a physician and diagnosed with severe depression and anxiety and prescribed a regimen of continuing treatment. Lich requested and was approved for leave under the FMLA for this serious health condition.

25. Lich had to contact Kim Minton in Human Resources each week during her leave. At one point, Minton remarked, "You need to hurry up and decide when you want to come back because this is getting ridiculous!"

26. Lich returned to work on May 12, 2010. When she returned, her job responsibilities had changed and she reported to a different supervisor. Moreover, on the date of Lich's return, Downs presented her with a negative and inaccurate evaluation of her job performance.

27. Two days later, on May 14, 2010, Lich requested a copy of her performance evaluation. Her request was denied. Instead, Defendant terminated Lich's employment.

## IV. CAUSES OF ACTION

### COUNT I: VIOLATION OF THE FMLA - INTERFERENCE

28. Lich hereby incorporates paragraphs one (1) through twenty-seven (27) of her Complaint.

29. Defendant failed to restore Lich to the same or an equivalent position upon her return from leave under the FMLA.

30. Defendant's actions were intentional, willful and in reckless disregard of Lich's rights as protected by the FMLA.

31.    Lich suffered damages as a result of Defendant's unlawful actions.

## COUNT II: VIOLATION OF THE FMLA - RETALIATION

32.    Lich hereby incorporates paragraphs one (1) through thirty-one (31) of her Complaint.

33.    Defendant unlawfully retaliated against Lich for the exercise of her rights under the FMLA.

34.    Defendant's actions were intentional, willful and in reckless disregard of Lich's rights as protected by the FMLA.

35.    Lich suffered damages as a result of Defendant's unlawful actions.

## COUNT III: VIOLATION OF THE ADA

36.    Lich hereby incorporates paragraphs one (1) through thirty-five (35) of her Complaint.

37.    Defendant discriminated against Lich based on her disability.

38.    Defendant's intentional and willful actions were taken in reckless disregard for Lich's rights as protected by the Americans With Disabilities Act of 1990, as amended.

39.    Lich has suffered damages as a result of Defendant's unlawful actions.

## COUNT IV: VIOLATION OF TITLE VII – GENDER DISCRIMINATION

40.    Lich hereby incorporates paragraphs one (1) through thirty-nine (39) of her complaint as if the same were set forth at length herein.

41.    Defendant discriminated against Lich on the basis of her gender.

42.    Defendant willfully and intentionally discriminated against Lich on the

basis of her gender in violation of Title VII of the Civil Rights Act of 1964.

43.     Lich has suffered damages as a result of Defendant's unlawful actions.

## COUNT V: RETALIATION

44.     Lich hereby incorporates paragraphs one (1) through forty-three (43) of her complaint as if the same were set forth at length herein.

45.     Defendant terminated Lich's employment in retaliation for filing a claim for worker's compensation.

46.     Lich has suffered damages as a result of Defendant's unlawful conduct.

## COUNT VI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47.     Lich hereby incorporates paragraphs one (1) through forty-six (46) of her complaint as if the same were set forth at length herein.

48.     Defendant outrageously and intentionally inflicted emotional distress upon Lich.

49.     Lich has suffered damages as a result of Defendant's unlawful conduct.

## V. REQUESTED RELIEF

WHEREFORE, Plaintiff, Nancy Lich, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1.      Reinstate Plaintiff to her prior position with uninterrupted seniority;

2.      All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3.      Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Liquidated damages for Defendant's violations of the FMLA;

5. Compensatory damages for Defendant's violations of the ADA, Title VII and Indiana common law;

6. Punitive damages for Defendant's violations of the ADA, Title VII and Indiana common law;

7. All costs and attorney's fees incurred as a result of bringing this action;

8. Pre- and post-judgment interest on all sums recoverable; and

9. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: _____
Andrew Dutkanych III, Attorney No.23551-49
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1002
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

Attorneys for Plaintiff, Nancy Lich

## DEMAND FOR JURY TRIAL

Plaintiff, Nancy Lich, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: _____

Andrew Dutkanych III, Attorney No.23551-49
411 Main Street
Evansville, IN 47708
Telephone:  (812) 424-1002
Facsimile:  (812) 424-1005
Email:      ad@bdlegal.com

Attorneys for Plaintiff, Nancy Lich